**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**HARTFORD–EMPIRE CO. et al.,
Defendants-Appellees,**

**Maul Brothers, Inc., Appellant.**

**No. 76–2095.**

United States Court of Appeals,
Sixth Circuit.

Submitted Jan. 30, 1978.

Decided April 11, 1978.

David M. Jones, Eastman, Stichter, Smith & Bergman, Toledo, Ohio, for appellant.

Bernard M. Hollander, Judgments and Judgment Enforcement Section, Thomas E. Kauper, Asst. Atty. Gen., Edward Lawson, Robert B. Nicholson, Wm. D. Coston, Antitrust Div., Dept. of Justice, Washington, D. C., for the United States.

John B. Spitzer, Marshall, Melhorn, Bloch & Belt, Toledo, Ohio, H. Richard Schumacher, Cahill, Gordon & Reindel, New York City, for Hartford-Empire Co.

Before PHILLIPS, Chief Judge, and PECK and MERRITT, Circuit Judges.

PER CURIAM.

Maul Brothers, Inc. (hereinafter Maul) appeals from the denial of its motion to intervene in this antitrust action as a party defendant pursuant to Rule 24(a)(2) Fed.R. Civ.P. The United States filed the underlying action in this case in 1939 to break up an alleged conspiracy by defendants to divide markets in the glass container and glass making machinery industries, in part through the use of patents. In 1945, the Supreme Court affirmed the district court's determination of liability but directed that the judgment be modified in substantial respects. *See Hartford-Empire Co., et al. v. United States*, 323 U.S. 386, 65 S.Ct. 373, 89 L.Ed. 322, *on petition for clarification*, 324 U.S. 570, 65 S.Ct. 815, 89 L.Ed. 1198 (1945). Subsequently, the district court issued an amended final judgment on May 23, 1947 after extensive proceedings. The judgment enjoined further concerted activity by the defendants and required them to offer for sale, lease, or licensing certain patented machinery at reasonable prices or royalties.

On February 17, 1976, the Government, as plaintiff, and four defendants jointly presented to the district court a proposed further amended final judgment which substantially modified the former judgment and provided an expiration date of October 31, 1985. In support of the proposed amended final judgment, the Government submitted evidence that the 1947 judgment was having a deleterious effect on the public interest by discouraging the sale of certain types of glass making machinery and by providing a disincentive to the invention of new machinery.

On April 14, 1976, Maul filed a motion to intervene pursuant to Rule 24(a)(2) Fed.R. Civ.P. which provides for intervention of right:

(2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the

action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties. In denying the motion, the district court found that the "interest" asserted by Maul in the proceeding was the public interest in competition and that Maul had failed to meet its burden of establishing that the Government was not properly representing that interest.

A private party generally will not be permitted to intervene in Government antitrust litigation absent some strong showing that the Government is not vigorously and faithfully representing the public interest. *See e. g., United States v. Associated Milk Products, Inc.,* 534 F.2d 113 (8th Cir. 1976), cert. denied, 429 U.S. 940, 97 S.Ct. 355, 50 L.Ed.2d 309 (1977); *United States v. Automobile Manufacturers' Ass'n.,* 307 F.Supp. 617 (C.D.Cal.1969), *aff'd sub nom. City of New York v. United States,* 397 U.S. 248, 90 S.Ct. 1105, 25 L.Ed.2d 280 (1970).

We conclude that the district court did not err in denying Maul's motion to intervene. Accordingly, the judgment is affirmed.